<u>MEMORANDUM OPINION</u>

March 6, 2006

<u>IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION</u>

|  |  |  |
|---|---|---|
| IN RE: | : |  |
|  | : |  |
| MARK EVERETT BOWEN | : | Case No. 05-34209 |
|  | : | Chapter 7 |
| Debtor | : |  |
|  | : |  |
| MARK EVERETT BOWEN | : |  |
|  | : |  |
| Plaintiff | : |  |
| v. | : | Adv. Proc. No. 06-3057 |
|  | : |  |
| DANIEL W. JACKSON | : |  |
| MARGARET H. OLSON | : |  |
| WHOLE LIVING, INC. | : |  |
|  | : |  |
| Defendants | : |  |

BEFORE THE HONORABLE RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

<u>APPEARANCES</u>:

    <u>FOR PLAINTIFF/DEBTOR</u>:

    DEAN B. FARMER, ESQ.
    MATTHEW A. BIRDWELL, ESQ.
    Post Office Box 869
    Knoxville, Tennessee  37901

    <u>FOR DEFENDANTS</u>:

    KENNETH CLARK HOOD, ESQ.
    100 S. Main Street
    Greeneville, Tennessee  37743

1        THE COURT: The Complaint commencing this adversary proceeding was

2 filed on February 24, 2006. The prayer for relief in the Complaint filed by the Debtor

3 requests that the court "enjoin the Defendants from pursuing actions in the Utah

4 litigation, find that the Defendants have willfully engaged in violation of the automatic

5 stay and the discharge injunction, and to award actual and punitive damages attorney

6 fees to the Plaintiff in an amount to include all litigation costs . . . which should not

7 exceed $500,000.00." Basically, I have a Complaint requesting that I issue an

8 injunction that is already in place.

9        This bankruptcy case was filed by Mr. Bowen on August 5, 2005. He

10 received his discharge on December 6, 2005, and an amended discharge order was

11 entered on December 14, 2005. From August 5, 2005, through December 6, 2005, the

12 automatic stay of 11 U.S.C. § 362(a) was in place. Except as to acts involving property

13 of the estate, the stay terminated pursuant to § 362(c) of the Bankruptcy Code on the

14 date the Debtor received his discharge. Any violations of the automatic stay between

15 August 5, 2005, and December 6, 2005, are what they are. There cannot have been any

16 more violations of the stay after December 6, 2005, because the stay terminated by

17 operation of law.

18        When the discharge was granted, the automatic stay was replaced by the

19 injunctive provisions of Bankruptcy Code § 524(a)(2), which provides that

20        A discharge in a case under this title—  . . . (2) operates as an

21        injunction against the commencement or continuation of an

22        action, the employment of process, or an act, to collect, recover

23        or offset any such debt as a personal liability of the debtor,

24        whether or not discharge of such debt is waived[.]"

25 There is, of course, more to § 524(a), but that is the provision that is in dispute in this

1    adversary proceeding.

2         On March 3, 2006, the Debtor filed a Motion for Temporary Restraining

3    Order under Rule 65 of the Federal Rules of Civil Procedure, made applicable to

4    adversary proceedings by Rule 7065 of the Federal Rules of Bankruptcy Procedure, and

5    also pursuant to 11 U.S.C. § 105. The court is well aware of the Sixth Circuit's *Pertuso*

6    decision, reported at 233 F.3d 417 (6th Cir. 2000), holding that there is no private right

7    of action for a violation of § 524(a)(2). Clearly, however, as acknowledged by the

8    *Pertuso* court, 233 F.3d at 421, a violation of § 524(a)(2) falls within the court's

9    inherent contempt powers and the authority afforded the court under § 105 of the

10   Bankruptcy Code. *See Brown v. Anderson (In re Brown)*, No. 05-3147, slip op. at 4-6

11   (E.D. Tenn. Nov. 29, 2005), reported on the court's website, and cases cited therein.

12   That is not, however, the issue right now. There is already an injunction in place. If I

13   grant a Temporary Restraining Order, it is not going to enjoin the Defendants' actions,

14   it cannot, to an extent that they are not already enjoined by the injunctive provision of

15   § 524(a)(2). Any temporary restraining order I issue is going to parrot, it is going to

16   mirror, § 524(a)(2). Basically, the Debtor is asking me to enjoin the violation of an

17   existing injunction. That is redundant. The injunction is in place. If it is being

18   violated, it can be dealt with. I suggest to you, Mr. Hood, that this court here in

19   Knoxville can deal with it. But I cannot see any purpose to be served by issuing a

20   Temporary Restraining Order that basically mirrors an injunction that is already in

21   place.

22        If, in fact, the automatic stay or § 524(a)(2) injunction has been or continues

23   to be violated, then these Defendants will at some point in time be called to account for

24   their actions, I assume, through this adversary proceeding or some other action. I

25   understand that two of these Defendants are lawyers who, I presume, are experienced

1    and should have some familiarity with the Bankruptcy Code.  The Utah proceeding is

2    what it is.  But again, at this juncture a Temporary Restraining Order would be

3    redundant.  The injunction is in place.  If it is being violated and they choose to

4    continue to violate it, as I see it, that only exacerbates the problem.  If they are

5    proceeding with some sort of criminal violations that are not encompassed within

6    § 524(a), then, of course, they are not violating the injunction.  Basically, the

7    Defendants travel at their own risk.  I will not grant the Temporary Restraining Order

8    and the Motion will be denied.  I will put down an order to that effect.  We will let this

9    adversary proceeding run its course.

10    FILED:  March 8, 2006

11

12                                                                    */s/ Richard Stair, Jr.*
                                                                       RICHARD STAIR, JR.
13                                                                    U.S. BANKRUPTCY JUDGE

14

15

16

17

18

19

20

21

22

23

24

25